**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL ROSS SEMPIER, | No. 20-17249 |
| Petitioner-Appellant, | D.C. No. 3:18-cv-00465-RCJ-WGC |
| v. | |
| RENEE BAKER, et. al. | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted December 10, 2021**
San Francisco, California

Before:  MURGUIA, Chief Judge, and IKUTA and VANDYKE, Circuit Judges.

Nevada state prisoner Joel Ross Sempier appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for sexual assault.  We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review the district court's denial of Mr. Sempier's § 2254 petition de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

novo. *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63 (2003). A district court may not grant a § 2254 petition unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Mr. Sempier claims that trial counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Mr. Sempier has the burden of showing that trial counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687. The deficiency prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. To prove prejudice, Mr. Sempier must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because the *Strickland* standard requires a "highly deferential" assessment of counsel's performance, and the Nevada Supreme Court's decision is entitled to deference under 28 U.S.C. § 2254(d), this Court's review is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (citations omitted).

First, Mr. Sempier has not shown that trial counsel rendered deficient performance by failing to adequately impeach, investigate, or rebut the sexual assault nurse's testimony, nor by failing to object to the prosecution's purported mischaracterization of that testimony in its closing argument. Trial counsel's effective cross-examination established that the nurse's evidence lacked probative value. Mr. Sempier has not demonstrated that further investigation would have been helpful, *see Djerf v. Ryan*, 931 F.3d 870, 881–82 (9th Cir. 2019) (finding no deficiency where petitioner has not shown additional, helpful evidence was available), nor that a rebuttal witness was necessary, where "cross-examination [was] sufficient to expose defects in [the] expert's presentation," *see Harrington v. Richter*, 562 U.S. 86, 111 (2011). Mr. Sempier likewise has not demonstrated that the prosecution's comment during closing arguments was a misstatement—because he has not shown there was any significant difference between examinees and victims—nor that trial counsel was deficient for choosing to emphasize that the nurse's evidence was not probative rather than objecting to the comment. *See Ayala v. Chappell*, 829 F.3d 1081, 1115 (9th Cir. 2016) (noting counsel was not deficient for failing to object to ambiguous statement).

Second, Mr. Sempier has not established that trial counsel rendered ineffective assistance for failure to impeach the victim on various issues, including her recollection of the assault, her conduct after the assault, and her prior interactions

3

with Mr. Sempier. Trial counsel did impeach the victim during cross-examination on many of the inconsistencies Mr. Sempier identified, and additional impeachment evidence "would have been largely cumulative," *see Doe v. Ayers*, 782 F.3d 425, 431 (9th Cir. 2015). Mr. Sempier therefore has not shown trial counsel rendered deficient performance. *Id.*

As for *Strickland*'s prejudice prong, Mr. Sempier cannot demonstrate a reasonable likelihood of a different trial outcome "for failure to present [evidence that was] most likely cumulative" of the nurse and victim's testimony on cross-examination. *See Matylinsky v. Budge*, 577 F.3d 1083, 1097 (9th Cir. 2009). Nor was Mr. Sempier prejudiced by trial counsel's failure to object to the prosecution's brief comments during closing arguments because the judge explained to the jury that closing arguments are not evidence. *See Cunningham v. Wong*, 704 F.3d 1143, 1159 (9th Cir. 2013).

The Nevada Supreme Court did not unreasonably apply the *Strickland* standard in denying these claims. *See also Harrington*, 562 U.S. at 109 (holding state court's conclusion that trial counsel did not render ineffective assistance for failure to investigate blood evidence or present expert testimony was not unreasonable application of *Strickland*); *Yarborough v. Gentry*, 540 U.S. 1, 6–7 (2003) (holding state court's conclusion that trial counsel was not constitutionally ineffective despite counsel's failure to employ all possible impeachment tactics was

4

not unreasonable application of *Strickland*); *Ayala*, 829 F.3d at 1115 (finding state court's determination that trial counsel did not render ineffective assistance for failure to object to misstatement in closing argument was not unreasonable application of *Strickland*).

To the extent Mr. Sempier raises uncertified claims in his briefs, we construe his arguments as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (per curiam). Because Mr. Sempier has not shown "reasonable jurists would find the district court's assessment of [his uncertified ineffective assistance] claims debatable or wrong," we deny the motion. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Sempier's petition is therefore **DENIED**.